Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ALINA ÁLVAREZ MERCHAN<br><br>Recurrida<br><br>V.<br><br>MAURO A. BLANCO DE ARMAS<br><br>Peticionaria | TA2025CE00558 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K DI2015-1099<br><br>Sobre:<br>Divorcio /Alimentos |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Juez Lotti Rodríguez

Grana Martínez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de octubre de 2025.

El 6 de octubre de 2025, el peticionario, señor Mauro Antonio Blanco de Armas presentó el recurso de *Certiorari* de epígrafe, acompañado de una *Moción en Auxilio de Jurisdicción*. Plantea que la controversia se reduce a determinar si procede una moción de desacato cuando el tribunal de instancia confiere a la recurrida legitimación para reclamar la totalidad de una deuda de alimentos, habiendo una alimentista, ya mayor de edad, que tiene un interés como acreedora sobre dicha posible deuda, y no es parte en la reclamación. A su favor expone que la comparecencia de su hija, hoy mayor de edad, es indispensable para poder cobrar los alegados atrasos y poder determinar la cuantía de la deuda que le corresponde a cada alimentista y, además, siendo la deuda al momento indeterminada no es líquida para poder cobrarse.

De otra parte, alega que el Tribunal de Primera Instancia (TPI) señaló una vista de desacato para mañana, 7 de octubre de 2025, para que la parte recurrida pueda reclamar la totalidad de la deuda, y así se puede exponer al peticionario a la pérdida de su libertad de

ser encontrado incurso en desacato por una deuda que no es líquida y falta una parte indispensable en el proceso.

A su entender, continuar con el trámite de desacato sin que este tribunal tenga la oportunidad de atender los planteamientos esbozados por el peticionario en su petición de *Certiorari*, podría constituir un fracaso irreparable de la justicia exponiendo al aquí peticionario a la pérdida de su libertad.

Lo cierto es que, los hechos de este caso, conforme los documentos presentados por el peticionario con su escrito demuestran los siguiente. En la Sentencia de divorcio de diciembre de 2015 se estableció una pensión alimentaria de $1,000 mensuales, a ser satisfecha los primeros los primeros 5 días del mes, a favor de dos menores de edad, uno de ellos con necesidades de educación especial. Además, se le impuso al peticionario el pago de 50% del costo de la matrícula del colegio; 50 % de los gastos del *back to school,* más 50% de los gastos no cubiertos por el plan de salud y el 50% de los gastos extraordinarios.[1]

El 7 de agosto de 2025 la recurrida, madre de los menores, señora Alina Alvarez Merchán, presentó *Moción para que se encuentre incurso en desacato al co peticionario Mauro A. Blanco de Armas y en solicitud de remedio.* En ella, la recurrida sostiene que existe una deuda de pensión alimentaria de $19,000 de pensión básica, más 3,383.18 por concepto de gastos extraordinarios no cubiertos por la pensión y $3,959.81 por concepto de reembolso del plan médico. Sostuvo, entre otras que, desde el 27 de agosto de 2022 el peticionario había reducido, unilateralmente su responsabilidad a la mitad, o sea $500 mensuales.[2] Así las cosas, el 22 de agosto de 2025 el peticionario solicitó el relevo de pensión en

---

[1] Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el TPI número 3.
[2] Id, número 4.

cuanto a su hija, ahora mayor de edad.  Explicó que su hija Gabriela Sofía había advenido a la mayoría de edad en octubre 2022. Expuso que esta última trabajaba y no estudiaba, por lo que procedía el relevo de la pensión alimentaria a su favor.[3] El 8 de septiembre del año en curso el TPI señaló una Vista de Desacato para el 7 de octubre.[4] Finalmente el foro, el 10 de septiembre de 2025, señaló que en la vista del 7 de octubre se determinará si hubo incumplimiento con el pago de la pensión del menor Mauro. Concluyó que la hija, hoy mayor de edad, tendría que comparecer mediante abogado si deseaba reclamar la deuda por pensión.  Por otro lado, ordenó a ambas partes reunirse para delimitar la deuda y sus objeciones, si alguna, manteniendo el señalamiento del 7 de octubre.[5]

Inconforme con el proceder del foro primario, el peticionario comparece ante nosotros solicitando paralicemos la vista de desacato a celebrarse mañana, señalando los errores siguientes.

1) EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, ERRO AL DECLARAR HA LUGAR LA MOCION DE RECONSIDERACION PRESENTADA POR LA RECURRIDA Y RECONOCERLE LEGITIMACION ACTIVA PARA RECLAMAR LA TOTALIDAD DE LA ALEGADA DEUDA DE ALIMENTOS, CUANDO UNA DE LAS ALIMENTISTAS DEL CASO, YA ADVINO A LA MAYORIA DE EDAD.

2) EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, ERRO AL DECLARAR HA LUGAR LA MOCION DE RECONSIDERACION PRESENTADA POR LA RECURRIDA Y RECONOCERLE LEGITIMACION ACTIVA PARA RECLAMAR LA TOTALIDAD DE LA ALEGADA DEUDA DE ALIMENTOS, BASANDOSE EXCLUSIVAMENTE EN QUE EL MENOR ALIMENTISTA QUE QUEDA EN EL CASO TIENE NECESIDADES ESPECIALES.

3) EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, ERRO AL DECLARAR HA LUGAR LA MOCION DE RECONSIDERACION PRESENTADA POR LA RECURRIDA MANTENIENDO UNA VISTA SOBRE DESACATO CUANDO FALTA UNA PARTE INDISPENSABLE, QUE SIN ESTA NO SE PUEDE ADJUDICAR LA CONTROVERSIA.

4) EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, ERRO AL DECLARAR HA LUGAR

---

[3] Véase *Moción solicitando Relevo de Obligación Alimentaria,* SUMAC entrada número #5 ante el TPI.

[4] SUMAC ante el TPI número 7.

[5] SUMAC ante el TPI número 9.

LA MOCION DE RECONSIDERACION PRESENTADA POR LA RECURRIDA Y RECONOCERLE LEGITIMACION ACTIVA PARA RECLAMAR LA TOTALIDAD DE LA ALEGADA DEUDA DE ALIMENTOS, CUANDO EXISTE UNA ALIMENTISTA ADULTA CON DERECHO EXCLUSIVO A RECLAMAR LO QUE SE ENTIENDA QUE LE PUEDE SER ADEUDADO POR CONCEPTO DE ALIMENTOS.

5) EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, ERRO AL DECLARAR HA LUGAR LA MOCION DE RECONSIDERACION PRESENTADA POR LA RECURRIDA Y MANTENER UNA VISTA DE DESACATO POR ALEGADO INCUMPLIMIENTO DE PAGO DE PENSION ALIMENTARIA CUANDO NO SE HA DETERMINADO QUE CUANTIA DE LA DEUDA CORRESPONDE COMO ACREEDORA EXCLUSIVA A LA ALIMENTISTA YA ADULTA, SIENDO LA DEUDA RECLAMADA INDETERMINADA NO ES LIQUIDA E IMPROCDEENTE SU COBRO EN ESTE MOMENTO.

II

El recurso de *certiorari* está regulado por nuestro ordenamiento procesal civil. Así pues, en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, se dispone como regla general, que el referido auto solo se expedirá cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. A manera de excepción, este Tribunal, ante un recurso de *certiorari*, podrá revisar órdenes o resoluciones interlocutorias que versen sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

En lo relacionado al auto de *certiorari,* es sabido, que se define como un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las decisiones de un tribunal inferior. 32 LPRA sec. 3491; *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337 (2012). A su vez, posibilita atender determinaciones, mayormente interlocutorias,

que no son finales del foro de origen. *Yumac Home v. Empresas Massó*, 194 DPR 96, 106 (2015). En esencia, este mecanismo procesal permite al foro revisor corregir algún error cometido por el tribunal de menor jerarquía. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). El referido recurso es uno de carácter discrecional. Esta discreción, ha sido definida jurisprudencialmente "como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera*". Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

Cabe señalar, que el auto de *certiorari* está delimitado por la Regla 40 de este Tribunal. Mediante la misma, se establecen una serie de criterios que ayudan a dirigir el juicio de este Foro en la decisión de expedir o denegar el auto solicitado. Dichos criterios reglamentarios son los siguientes:

> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

El delimitar la revisión judicial a los parámetros de la Regla 40, *supra,* contribuye a no caer en una dilación innecesaria de los procedimientos. Particularmente, se evita revisar controversias que

pudieran esperar a ser esbozadas en un recurso apelativo. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486 (2019). En cuanto a la facultad discrecional de denegar o expedir el auto solicitado, el tribunal, de forma comedida, puede inclinarse a expedir el recurso y adjudicarlo en sus méritos. Al tomar la referida decisión, el foro revisor asume jurisdicción sobre el asunto expuesto ante su consideración. Así pues, revisa e interviene con las decisiones del foro recurrido, para auscultar que estas sean justas y conforme a la normativa aplicable. *Negrón v. Srio. de Justicia,* supra.

En otro orden de cosas, en nuestra jurisdicción, los casos de alimentos están revestidos del más alto interés público. *Díaz Rodríguez v. García Neris*, 208 DPR 706, 717 (2022). A través del referido interés, se pretende velar por el mejor bienestar del menor, el cual forma una parte vital de la política pública del Gobierno de Puerto Rico. *De León Ramos v. Navarro Acevedo*, 195 DPR 157, 169 (2016). Además, es preciso destacar que el derecho de alimentos de los menores emana del Derecho a la Vida consagrado en la Constitución de Puerto Rico. *Chévere v. Levis,* 150 DPR 525, 534 (2000). En virtud de dicho derecho fundamental, los progenitores están obligados a proveer alimentos a sus hijos menores. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 711 (2014).

En cuanto a la obligación de alimentar, ambos progenitores responden solidariamente de los alimentos de sus hijos. Si uno de ellos no cumple su obligación de pago íntegra y oportunamente, el otro puede iniciar la acción de cobro a nombre del alimentista, esté o no bajo su custodia, o a nombre propio, como codeudor solidario. Las disposiciones del Código Civil de 2020 sobre la obligación solidaria aplican supletoriamente a la obligación alimentaria que recae sobre los progenitores. 31 LPRA sec. 7544. Por último, el alimentante no puede reducir la cuantía de la obligación sin la autorización judicial. Sometida la solicitud de reducción y probados

sus fundamentos, el tribunal dictará su resolución, desde cuya fecha será efectiva. 31 LPRA sec. 7568.

### III

Atendidos los planteamientos del peticionario, no encontramos criterio que justifique nuestra intervención en esta etapa de los procedimientos. Por el contrario, nuestra intervención en este momento causaría un fraccionamiento indebido del pleito y una dilación indeseable en la solución final de la controversia entre las partes en detrimento del derecho de alimentos de un menor con necesidades especiales. Razón por la cual denegamos, el *Certiorari;* así como también la *Moción en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones